IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| In the interest of A.S.A., a person under eighteen years of age. | ) ) ) ) | PER CURIAM DECISION |
| | | Case No. 20120844-CA |
| A.A.A., | ) ) | F I L E D |
| Appellant, | ) ) | (December 6, 2012) |
| v. | ) ) | 2012 UT App 345 |
| P.M. and V.M., | ) ) | |
| Appellees. | ) | |

-----

Second District Juvenile, Farmington Department, 1007693
The Honorable J. Mark Andrus

Attorneys: A.A.A., Salt Lake City, Appellant Pro Se
     F. Kevin Bond and Budge W. Call, Salt Lake City, for Appellees
     Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges Thorne, McHugh, and Roth.

¶1 A.A.A. (Mother) appeals the Order on Motion to Adopt Proposed Parenting Plan and Order Limiting the Length of Future Filings to Ten Pages, entered on September 19, 2012.[1] We affirm.

---

1. Because Mother does not challenge the provisions of the order pertaining to page

(continued...)

¶2      To the extent that Mother asserts that the trial court erred in entering the July 5, 2012 Order on Order to Show Cause or the August 10, 2012 Order on Petition to Modify Court Order, we lack jurisdiction to review those claims because Mother's appeal was not timely after the entry of either of those orders. Furthermore, the notice of appeal in this case was specifically taken from the September 19, 2012 order. Accordingly, only an appeal of the September 19, 2012 order is now before this court.

¶3      In a prior appeal, we affirmed the juvenile court's October 19, 2011 order granting permanent custody and guardianship of A.S.A. to P.M. and V.M. *See In re A.S.A.*, 2012 UT App 151, 279 P.3d 419 (per curiam). After affirmance of the custody order, Mother filed a petition to modify the custody order, claiming an alleged change of circumstances. Mother attached a proposed parenting plan to that petition to modify. The juvenile court denied Mother's petition to modify in an order entered on August 10, 2012, which was not appealed. Mother later moved the court to adopt her proposed parenting plan "by default," claiming that P.M. and V.M. did not file a response to the parenting plan. The juvenile court denied the motion because (1) the motion to dismiss filed by P.M. and V.M. was a response to the petition to modify and the attached parenting plan, (2) when the juvenile court denied Mother's petition to modify custody, the proposed parenting plan became irrelevant and moot, and (3) as a result of the juvenile court's order dismissing the petition to modify, Mother's motion to adopt the parenting plan was improper and was therefore stricken. The juvenile court's ruling is correct. The proposed parenting plan was not a pleading in and of itself requiring action by the parties or the juvenile court. P.M. and V.M. were not required to file a separate response to the proposed parenting plan, which became a nullity when the petition to modify was dismissed.

¶4      In the September 19, 2012 order, the juvenile court advised Mother, "for future reference," that Utah Code section 30-3-10.4 applies only to orders providing for joint custody and is inapplicable to the sole custody order in this case. Although Mother seeks to contest this advisory language, it was not the basis for denial of her motion to adopt the proposed parenting plan and constituted advice to Mother in the future. We do not, and need not, consider Mother's claims of error regarding that advisory language.

---

1. (...continued)
limitations and other filing limitations, we do not address that portion of the order.

¶5    Accordingly, we affirm the September 19, 2012 order and decline to consider any issues related to the July 5, 2012 and August 10, 2012 orders because we lack jurisdiction to consider those issues.

_____
William A. Thorne Jr., Judge


_____
Carolyn B. McHugh, Judge


_____
Stephen L. Roth, Judge